IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:13-CR-148- |
| § | SDJ-KPJ |
| BOBBY WAYNE GAULDEN (1) § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Bobby Wayne Gaulden's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on June 28, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Wes Wynne.

Defendant was sentenced on February 13, 2014, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm- 18 USC §§ 922(g)(1) & 924(a)(2), a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 77 to 96 months. Defendant was subsequently sentenced to 96 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of re lease, plus special conditions to include financial disclosure, drug testing and treatment, comply with Sex Offender Registration and Notification Act, and a $100 special assessment. On August 7, 2020, Defendant completed his period of imprisonment and began service of the supervision term. On August 25, 2020, this case was

reassigned to U.S. District Judge Sean D. Jordan. On August 31, 2020, the Court imposed mental health treatment.

On May 16, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 48, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (3) The defendant shall refrain from any unlawful use of a controlled substance; and (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician [Dkt. 48 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On December 7, 2021, Defendant was arrested by McKinney, Texas Police Department for committing the offenses of Operate Unregistered Motor Vehicle; Failure to Display License, and Drivers License Restriction Violation. Per county court order, Defendant was released from Collin County Detention Center, McKinney, Texas, this same date; bond was not imposed. On December 30, 2021, Defendant committed the offense of Illegal Dumping Within 300 Feet of a Highway. He was issued a citation by Collin County Constables Office-Precinct One, McKinney, Texas. As this citation remains unpaid, it has evolved into a warrant with an outstanding fine of $236. On April 20, 2022, Defendant was arrested by Collin County Constable's Office-Precinct Four, on an outstanding warrant issued for committing the offense of Theft of Property with Previous Convictions, $2,500 or More; the original offense occurred on March 24, 2022, at 1515 North Central Expressway, McKinney, Texas 75071. On April 20, 2022, Defendant posted a $5,000 bond

and was released from Collin County Detention Center, McKinney, Texas. As of this writing, he remains free on bond; (2) Defendant failed to report to the probation officer within a seventy-two hour timeframe this law enforcement contact which occurred with a Collin County Constable on December 30, 2021; and (3) (4) On August 24, 2020, January 9, and October 18, 2021, Defendant submitted urine specimens which tested positive for methamphetamine; these specimens were confirmed as positive by Alere Toxicology Services. On August 24, 2020, Defendant admitted verbally and in writing to use of methamphetamine on August 22, 2020. On March 18, 2021, Defendant admitted verbally and in writing to use of methamphetamine the previous weekend [Dkt. 48 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3 and 4 of the Petition. The Government dismissed allegations 1 and 2 of the Petition. Having considered the Petition and the plea of true to allegations 3 and 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 57, 58].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirteen (13) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate. **SIGNED this 15th day of July, 2022.**

REPORT AND RECOMMENDATION – Page 3

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE